**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Paris Da'Jon Allen,

Plaintiff,

v.

Ricardo Lopez, Sherlinda Wheeler, Kent Grandlienard, John King, Telephone Coordinating Officer, for November 25th 2014 Name Unknown, Unknown Defendants, David Reishus, Shelli Monio, and Kim E. Bling,

Defendants.

Civil No. 15-1860 (JRT/JJK)

**REPORT AND RECOMMENDATION**

---

Paris Da'Jon Allen, OID 185232, MCF-Oak Park Heights, 5329 Osgood Avenue North, Stillwater, MN 55802-1117, Plaintiff, pro se.

Kelly S. Kemp, Esq., Minnesota Attorney General's Office, counsel for Defendants Lopez, Wheeler, King, Reishus, and Monio.

---

JEFFREY J. KEYES, United States Magistrate Judge

## BACKGROUND

Plaintiff Paris Da'Jon Allen brings this suit under 42 U.S.C. § 1983 against various state officials.[1] In his Amended Complaint, Plaintiff alleges the following with respect to the

[1] Plaintiff filed an unsigned Amended Complaint on May 18, 2015. (Doc. No. 10.) He later submitted a signed version of that same Amended Complaint. (Doc. No. 12.) In response to the Court's Order denying Defendants' Motion for a More Definite Statement (Doc. No. 24), Defendants King, Lopez, Monio, Reishus, and Wheeler filed an Answer (Doc. No. 26), and attached to an affidavit of counsel a version of the signed Amended Complaint in which Defendants' counsel numbered the paragraphs so a workable response could be made. (Doc. No. 27, Sept. 21, 2015 Aff. of Kelly Kemp ("9/21 Kemp Aff."), Ex. A ("Numbered Am. Compl.").) The Court finds Defendants' counsel's numbering of the paragraphs in the Amended Complaint to be a useful tool in citing to the record and will cite to the numbered Amended Complaint throughout this R&R.

identified Defendants Ricardo Lopez, Sherlinda Wheeler, John King, David Reishus, and Shelli Monio (collectively "the answering Defendants"). Plaintiff asserts that for $3,500 he retained a criminal defense attorney who engaged in misconduct, which he uncovered through his own investigation. (Numbered Am. Compl. ¶¶ 3–6.) When he learned about that misconduct, and during his confinement at the Minnesota Correctional Facility in Stillwater, he filed a conciliation court action against the defense attorney to recover the $3,500 retainer. (Id. ¶¶ 7–8.) Later he was transferred to the Oak Park Heights Correctional Facility (id. ¶ 9), where he encountered the answering Defendants. MCF-Stillwater forwarded documents relating to his case to the Oak Park Heights facility. (Id. ¶ 12.) Among those documents was an indication that he was ordered to appear by telephone for a hearing on November 25, 2014 at 8:45 a.m. and that he needed to serve his former criminal defense attorney prior to the hearing. (Id.)

Defendant Lopez, Plaintiff's case manager at Oak Park Heights, received the documents on September 23, 2014, and Plaintiff submitted a "kite" (a prison grievance form requesting prison officials take an official action)[2] to Lopez asking to meet with him to set up a means of calling the conciliation court. (Numbered Am. Compl. ¶ 13.) Lopez did not respond to the kite or to subsequent grievance forms. (Id. ¶¶ 14, 18.) Plaintiff alleges that Lopez also failed to send certain documents to a sheriff's department in Arizona where his former criminal defense lawyer was located. (Id. ¶¶ 18, 20.) He also asserts that he began complaining through the prison grievance process about Lopez's lack of action to Defendant Sherlinda Wheeler, but Wheeler likewise failed to respond to those complaints, telling Plaintiff merely that he had to "'work with Lopez'" regarding the issues he raised. (Id. ¶¶ 15–16.) He also complained about Lopez and

[2] Plaintiff also submitted what appear to be copies of various grievances that he filed related to his request that a telephone be provided. (Doc. No. 40.)

Wheeler's inaction to Defendant David Reishus, who responded to the grievance by sending it to Wheeler, who in turn told Plaintiff again to "'work with Lopez.'" (Id. ¶ 25.)

On October 17, 2014, the conciliation court responded to a letter Plaintiff sent to the court by sending Lopez a notice that he was "to provide a telephone for [Plaintiff] to appear on November 25th 2014 at 8:45 a.m." (Numbered Am. Compl. ¶ 20–21.) Plaintiff reached out to his family members to get them to appear at conciliation court as witnesses on his behalf. (Id. ¶ 23.) He later realized that he would not be able to get his former criminal defense attorney served in advance of the November 25, 2014 court date, and sent a letter to the conciliation court to that effect. (Id. ¶ 27.) The conciliation court informed him that the case would go forward even though he would be unable to serve his former criminal defense lawyer because he had served other defendants sued in the action. (Id. ¶ 28.)

On his court date, Plaintiff alleges that he was prepared to appear for court by telephone, but no prison official at Oak Park Heights came to him in the Administrative Control Unit at the prison to help him place the call to the conciliation court. (Numbered Am. Compl. ¶ 30.) Plaintiff missed his court appearance. He filed another prison grievance against Lopez for failing to provide him a telephone, this time complaining to Defendant Shelli Monio and asking for $3,500, the amount he had sought in damages from his former criminal defense attorney in the conciliation court matter. (Id. ¶ 31.) He also complained again to Wheeler, seeking $3,500 again, but his "demand was dismissed." (Id. ¶ 33.) Later he requested the same amount in a grievance submitted to Reishus. (Id. ¶ 36.)

Lopez appealed the dismissal of one or more grievances to Defendant John King, who dismissed his appeal and informed him that the telephone coordinating officer was not on duty at the time of his conciliation court date. (See Numbered Am. Compl. ¶ 37.) Again, Plaintiff sent a

letter to Wheeler, this time demanding an award of more than $3,500, representing the retainer he sought to recover in the conciliation court plus a filing fee and other amounts. (Id. ¶ 38.) Wheeler responded by offering to reimburse Plaintiff's account with $14.38, representing the amount Plaintiff had paid to try and serve his former attorney by certified mail. (Id.) Plaintiff rejected this offer. (Id.)

Plaintiff asserts that the failure to provide him with a telephone to contact the conciliation court violated his constitutional rights and the Department of Corrections' own policies. (Numbered Am. Compl. ¶ 41.) It appears that Plaintiff believes Lopez and the other answering Defendants violated his First Amendment right of access to courts when Plaintiff was denied access to a telephone to contact conciliation court, and that Lopez's supervisors are also liable for violating his civil rights. (See id. ¶ 30, 41 (alleging that Plaintiff was prepared to appear for court by telephone but was intentionally denied access to the telephone by Defendant Lopez and other answering Defendants); see also Doc. No. 48 at 2, 4 (referring to First Amendment right of access).)

Plaintiff has filed several motions now pending before this Court. He has filed two motions for offensive summary judgment against Defendant Lopez. (Doc. Nos. 29, 32.) He has also filed a motion to dismiss the answering Defendants' Answer. (Doc. No. 32.) He also filed a motion to require the Minnesota Department of Corrections to immediately pay him damages. (Doc. No. 43.)

## DISCUSSION

### I. Plaintiff's Summary-Judgment Motions

#### A. The parties' arguments

On September 25, 2015, Plaintiff filed his first Motion for Summary Judgment, in which he demands an award of $3,934.98 on grounds that Defendant Ricardo Lopez had a duty to provide him with a telephone so that he could make an appearance in his conciliation court case, and his failure to provide the telephone caused him to lose his case. (Doc. No. 29, Pl.'s Mot. for Summ. J. ("Pl.'s SJ Mot."); Doc. No. 30, Pl.'s Mem. in Supp. of Mot. for Summ. J. ("Pl.'s SJ Mem.") 2.) Plaintiff also filed a "Motion to Dismiss Defendants Answer/Motion for Summary Judgment." (Doc. No. 32, Pl.'s Mot. to Dismiss/Mot. for Summ. J. ("Pl.'s Second SJ. Mot.").) In part, this motion also seeks summary judgment on grounds that that Plaintiff repeatedly requested that a telephone be provided for him so that he could appear for his conciliation court case, and that prison officials failed to respond, or responded inappropriately, to his inmate grievances regarding telephone availability. (See id. at 2, 4–7, 15–16.) Plaintiff also asserts that the answering Defendants' conduct described in this case shows he is "entitled to relief by [the] 1st, 5th, 6th, 9th and 14th Amendments being violated." (Id. at 14.)

The answering Defendants have responded to Plaintiff's first motion for summary judgment and his second motion for summary judgment. (Doc. No. 35, Defs.' Mem. in Opp'n to Pl.'s Mot. for Summ. J. ("Defs.' SJ Mem."); Doc. No. 36, Defs.' Mem. in Opp'n to Pl.'s Second Summ. J. Mot. ("Defs.' Second SJ Mem.").) In both responses, Defendants assert that Plaintiff is not entitled to his request for summary judgment against Defendant Lopez for money damages because he failed to sue Lopez (or any of the other answering Defendants) in their individual capacities, and a claim for damages against these Defendants in their official capacities is barred

by sovereign immunity under the Eleventh Amendment. (Defs.' SJ. Mem. 3–5; Defs.' Second SJ Mem. 3–5.)

After the answering Defendants responded to Plaintiff's summary-judgment motions, Plaintiff submitted a "Memorandum of Law Dispositive Motion" in which he responds to the answering Defendants' arguments.[3] (Doc. No. 42, Pl.'s Reply Mem.) The Court construes this as a reply memorandum in support of his summary-judgment motions. In his Reply, Plaintiff asserts that the answering Defendants are not entitled to sovereign immunity (see id. at 1–2), and that he is entitled to know the identity of the John Doe defendant he has identified as the Telephone Coordinating Officer, which he believes is Defendant Lopez. (Id. at 2–3.)

Based on the Court's review of Plaintiff's first summary-judgment motion, and all the materials in the record, the Court construes the first motion as seeking affirmative summary judgment against Defendant Lopez on grounds that Lopez violated Plaintiff's First Amendment right of access to the Courts. Based on the Court's review of Plaintiff's second summary-judgment motion, and all the materials in the record, the Court construes the second motion as seeking affirmative summary judgment against the remaining answering Defendants on grounds that they are liable for violating Plaintiff's First Amendment rights and as Lopez's supervisors.

**B. Summary judgment standard**

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Celotex Corp. v.

[3] In his Reply in support of his summary judgment motions, Plaintiff asserts that the answering Defendants' sovereign immunity defense is frivolous and violates Rule 11 of the Federal Rules of Civil Procedure. (Pl.'s Reply Mem. at 1–2.) To the extent that Plaintiff is seeking sanctions under Rule 11, the Court addresses this motion below in Part III of this Report and Recommendation

Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp., 477 U.S. at 322–23; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249–50 (1986). The party moving for summary judgment bears the burden of showing that the material facts in the case are undisputed, Celotex Corp., 477 U.S. at 323, and the record is to be viewed in the light most favorable to the nonmoving party, Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219–20 (8th Cir. 1992). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248.

**C. Plaintiff is not entitled to summary judgment**

Based on the entire record here, Plaintiff has not shown that he is entitled to summary judgment. First, Plaintiff failed to comply with Rule 56(c). Rule 56(c) requires a party asserting that a fact cannot be disputed to "support the assertion by citing to particular parts of the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Plaintiff has failed to do that here, and it is not surprising. The parties have engaged in no discovery in this action. In fact, Plaintiff's summary-judgment motions contain no reference to evidentiary materials showing he is entitled to judgment as a matter of law, and nothing else in the record demonstrates that there is no genuine dispute of material fact. See Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in

the record.”). All the record demonstrates at this early stage is that Plaintiff has alleged certain access-to-court claims and is apparently proceeding under 42 U.S.C. § 1983. His summary-judgment motions are unsupported and should be denied.

**D. Individual- or official-capacity claims and the proper course for this litigation**

The answering Defendants are correct that Plaintiff failed to adequately assert individual-capacity claims against any of the answering Defendants because he has not specified that he is suing any defendant individually in his Amended Complaint. In the Eighth Circuit, a plaintiff must explicitly state that he is suing a state official in his individual capacity to assert such a claim against that individual, and failure to do so means that he has only asserted official-capacity claims. See Baker v. Chisom, 501 F.3d 920, 923 (8th Cir. 2007) (“‘If a plaintiff’s complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims.’”) (quoting Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)). Nowhere in Plaintiff’s Amended Complaint did Plaintiff explicitly state his intent to sue the answering Defendants in an individual capacity (Doc. No. 10 (nowhere identifying intent to sue in individual capacity); Doc. No. 12 (same); see also 9/21 Kemp Aff., Ex. A (same)), and as a result, Plaintiff has only asserted official-capacity claims in this litigation. Because sovereign immunity under the Eleventh Amendment bars recovery of monetary damages from state actors acting in their official capacity, Fegans v. Norris, 537 F.3d 897, 908 (8th Cir. 2008) (affirming district court decision that state employees acting in their official capacity are immune from civil suits for damages), Plaintiff is not entitled to summary judgment against Defendant Lopez in his official capacity for monetary damages. Nor is he entitled to recover money damages against any other answering Defendant in his or her official capacity. This is an independent basis on which to

deny Plaintiff's motions for summary judgment, and could provide a basis for the Court to enter judgment for the answering Defendants as nonmoving parties. See Fed. R. Civ. P. 56(f)(1). However, this Court will not recommend doing so under these circumstances.

In his Reply, Plaintiff indicates that he did not intend to sue the answering Defendants, including Lopez, in only their official capacities, and Plaintiff suggests that he omitted a specific reference to an individual-capacity claim as a "mistake[.]" (Pl.'s Reply Mem. 1–2 (responding to Defendants' sovereign immunity argument and indicating that Defendants' response "point[s] out frivolous mistakes" in his pleadings).) A party may not amend his pleadings through a memorandum in connection with a summary-judgment motion. See Morgan Distr. Co., Inc. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) (rejecting appellant's argument that its brief in response to respondent's motion for summary judgment amended the complaint). Nevertheless, since Plaintiff is proceeding pro se and is incarcerated, this Court concludes that his Reply should be construed as a motion to amend his complaint to assert individual-capacity claims against Defendant Lopez and the other answering Defendants. Cf. Murphy v. Arkansas, 127 F.3d 750, 755 (8th Cir. 1997) (explaining that a complaint against state officials, who were sued in their official capacities, was deemed amended to assert personal capacity claims where the plaintiff moved to amend complaint in response to motion for summary judgment).

In addition, for several reasons, this Court concludes that the Amended Complaint should now be construed as asserting individual-capacity claims. This case is at an early stage, and Plaintiff has not been dilatory in pursuing his case. There would be nothing futile about Plaintiff indicating that he intends to sue the answering Defendants in their individual capacities. Amendment of pleadings is freely allowed when justice so requires, see Fed. R. Civ. P. 15(a)(2), and here, the Plaintiff could easily cure the deficiency identified by the answering Defendants by

simply adding the words "individual capacity" at one or more locations throughout the Amended Complaint. Nor will construing Plaintiff's Amended Complaint as including individual-capacity claims be unfairly prejudicial to the answering Defendants. Going forward in this fashion will allow the answering Defendants every opportunity to test the merits of Plaintiffs claims by taking the appropriate discovery. Moreover, requiring the Plaintiff to file a formal motion to amend under these circumstances would not contribute to the "just, speedy, and inexpensive determination" of this action, Fed. R. Civ. P. 1, because this Court has already determined that if Plaintiff had asked for leave to amend his complaint merely to clarify that he is pursuing individual-capacity claims, such leave to amend would be granted consistent with Rule 15. Thus, this Court recommends that this case should go forward as follows: (a) Plaintiff's motions for summary judgment should be denied; (b) Plaintiff's Amended Complaint should be deemed amended to assert individual-capacity claims against the answering Defendants; and (c) if the District Court adopts this Report and Recommendation, this Court should issue a scheduling order establishing deadlines for discovery, dispositive motions, and trial.

## II. Plaintiff's Motion to Dismiss Defendants' Answer

In his Motion to Dismiss Defendants' Answer, Plaintiff asserts that the answering Defendants failed to file their answer in a timely fashion. (Pl.'s Second SJ. Mot. at 1, 12–13.) Plaintiff also replies to several of the paragraphs in the answering Defendants' Answer throughout his second summary judgment motion. (See id. at 2–16.) In various places, Plaintiff accuses the answering Defendants of committing perjury or admitting to violations of his rights in their Answer. (See, e.g., id. at 9–10.) The answering Defendants contend that Plaintiff's motion to dismiss their answer should be denied for two reasons: (1) the answering Defendants

timely served their Answer; and (2) this motion is really an unpermitted reply to an Answer. (Defs.' Second SJ Mem. 2–3.)

This Court agrees with the answering Defendants that Plaintiff's motion should be denied. The answering Defendants served their answer in a timely fashion by filing it with the Court and mailing a copy to Plaintiff on September 21, 2015. (Doc. Nos. 26–28.) Service was complete when the Answer was mailed to the Plaintiff. Fed. R. Civ. P. 5(b)(2)(C) (providing that service by mail is complete upon mailing). Plaintiff complains that he did not receive the Answer until a few days after the September 21, 2015 deadline, but that does not make the answer untimely. Moreover, the answering Defendants are correct that the rest of Plaintiff's motion is properly construed as a reply to their Answer, which is a pleading that is not permitted under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 7(a)(7) ("Only these pleadings are allowed . . . if the court orders one, a reply to an answer."). The Court did not allow a reply to the Answer in this case.

For these reasons, Plaintiff's Motion to Dismiss Defendants' Answer should be denied.

**III. Plaintiff's Motion to Order Defendant Department of Corrections to Pay Damages**

Plaintiff filed another motion seeking an Order requiring the Department of Corrections to immediately award damages of $3,934.38, and asserting that Defendants violated Rule 11 by serving an untimely Answer. (Doc. No. 43.) As noted above, see supra note 4, in Plaintiff's Reply in support of his summary-judgment motions he asserts that the answering Defendants' sovereign immunity defense is frivolous and violates Rule 11 of the Federal Rules of Civil Procedure. (Doc. No. 42, Pl.'s Reply Mem. 1–2.)

**A. The Minnesota Department of Corrections is not a defendant and is immune from suit**

Nothing in Plaintiff's Amended Complaint indicates that he named the Minnesota Department of Corrections as a defendant in this action. The gravamen of Plaintiff's Amended Complaint is that the individual officers he identified in his pleading prevented him from having access to a telephone that he needed to appear for a conciliation court hearing and thereby deprived him of meaningful access to the courts in violation of his First Amendment rights.[4] (Numbered Am. Compl., passim.) Even if Plaintiff had named the Minnesota Department of Corrections as a defendant in this suit, he could not obtain a judgment against it in federal court. Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988) (explaining that state agencies are immune from suit in federal court under the Eleventh Amendment of the constitution). The Eleventh Amendment provides that states and their agencies are immune from suit in federal court, unless the state has consented to be sued, Alabama v. Pugh, 438 U.S. 781, 782 (1978 (per curiam), or Congress has abrogated the state's immunity by some express statutory provision, Will v. Michigan Dep't of State Police, 491 U.S. 58, 66–67 (1989). Congress did not lift the states' Eleventh Amendment immunity when it enacted 42 U.S.C § 1983, Will, 491 U.S. at 66–67, and there is no indication that the State of Minnesota has waived its immunity and consented to be sued in this case. Accordingly, Plaintiff's motion to require the Minnesota Department of

---

4 Inmates have a fundamental constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996). Claims for denial of access to the courts may arise from the loss of a meritorious suit that cannot now be tried. See Christopher v. Harbury, 536 U.S. 403, 412–15 (2002) (describing both forward- and backward-looking access-to-court claims for prisoners). And the prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered an actual injury, meaning that the inmate must show that a "nonfrivolous legal claim had been frustrated or was being impeded." Lewis, 518 U.S. at 349–50, 353. This Court makes no finding about the potential merits of Plaintiff's access-to-courts claim, but merely indicates its own view that this appears to be the most sensible framework for analyzing the factual allegations that are at issue in this case.

Corrections to immediately pay him damages should be denied because the State of Minnesota has not been named as a defendant in this case, and even if it had, it is immune from suit under the Eleventh Amendment.

**B. Plaintiff's request for sanctions**

With respect to Plaintiff's request that the answering Defendants be sanctioned under Rule 11 of the Federal Rules of Civil Procedure, he has failed to show that the answering Defendants or their counsel have violated Rule 11. The answering Defendants served their answer in a timely fashion by filing it with the Court and mailing a copy to Plaintiff on September 21, 2015. As explained above, the fact that Plaintiff received the Answer a few days after it was filed does not make it untimely. Fed. R. Civ. P. 5(b)(2)(C) (providing that service by mail is complete upon mailing). Even if the answering Defendants' service of the Answer were untimely, which it was not, this Court would not recommend imposing Rule 11 sanctions merely because an Answer was served a few days after it was due. Nor has Plaintiff shown a violation of Rule 11 occurred when the answering Defendants interposed a defense based on sovereign immunity. In fact, the answering Defendants correctly identified that sovereign immunity bars any recovery of monetary damages against state officials sued in their official capacities, and that Plaintiff failed to clearly reference individual-capacity claims in his Amended Complaint.

For all these reasons, Plaintiff's Motion to Order Defendant Department of Corrections to Pay Damages (Doc. No. 43) should be denied in its entirety.

**IV. Plaintiff's Request for Appointment of Counsel**

In at least one of Plaintiff's submissions he requests that the Court appoint an attorney to represent him in this action if his request for relief is not granted as part of the pending motions. (See Doc. No. 48 at 5 ("If relief can't be granted for $3,934.38 and Ricardo Lopez ordered to be

relieved from me, grant me a[n] appointed attorney.”).) Pro se litigants do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel is a matter of the court’s discretion. Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982); see also 28 U.S.C. § 1915(e)(1) (stating that the court may “request an attorney to represent any person unable to afford counsel”). The standard for appointment of counsel in such cases is whether both petitioner and the court would benefit from the assistance of counsel. Johnson v. Williams, 788 F.2d 1319, 1322 (8th Cir. 1986); see also Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996) (“A district court is to decide whether the plaintiff and the court will substantially benefit from the appointment of counsel[.]”). Among the factors the court should consider are “the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.” Nachtigall v. Class, 48 F.3d 1076, 1081–82 (8th Cir. 1995).

After reviewing these factors, the Court cannot conclude at this stage of the case that the facts or the legal issues involved in this care are so complex as to warrant appointment of counsel. Although there may be conflicting testimony and evidentiary issues, presentation of such to the Court may not require the skillful and practiced questioning techniques associated with representation by legal counsel. Although the Plaintiff’s lack of legal knowledge and the fact that he is incarcerated will present some disadvantages, in terms of the requisite time and effort that may be attendant to the presentation of his claims, Plaintiff appears to have the threshold ability to articulate his claims and to argue his positions, and he is able to communicate effectively with the Court. Therefore, the Court is satisfied that appointment of counsel at this

time would not substantially benefit the Court or Plaintiff. His request for appointment of counsel should be denied.

## RECOMMENDATION

Based on the foregoing, and on all the records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 29) be **DENIED**;

2. Plaintiff's Motion to Dismiss Defendants' Answer/Motion for Summary Judgment (Doc. No. 32) be **DENIED**;

3. Plaintiff's Amended Complaint should be deemed amended to assert individual-capacity claims against the answering Defendants;

4. Plaintiff's Motion to Order Defendant Department of Corrections to Immediately Award Damages (Doc. No. 43) be **DENIED**; and

5. Plaintiff's request for appointment of counsel (Doc. No. 48 at 5) be **DENIED**.

Date: December 1, 2015

s/ Jeffrey J. Keyes
JEFFREY J. KEYES
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and

Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.