UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| PARIS DA'JON ALLEN, | Civil No. 15-1860 (JRT/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| RICARDO LOPEZ, SHERLINDA WHEELER, KENT GRANDLIENARD, JOHN KING, TELEPHONE COORDINATING OFFICER, UNKNOWN DEFENDANTS, DAVID REISHUS, SHELLI MONIO, and KIM E. BLING, | |
| Defendants. | |

Paris Da'Jon Allen, OID 185232, MCF-Oak Park Heights, 5329 Osgood Avenue North, Stillwater, MN  55802, *pro se*.

Kelly S. Kemp, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 900, St. Paul, MN 55101, for defendants Ricardo Lopez, Sherlinda Wheeler, John King, David Reishus, and Shelli Monio.

In this § 1983 action, Prisoner-Plaintiff Paris Da'Jon Allen alleges that Defendant-state officials violated various provisions of the United States Constitution by not permitting Allen to make a telephone appearance at a state-court hearing.  Allen has nine motions pending before the Court, as well as two objections to a report and recommendation ("R&R").  Allen first filed four motions:  (1) a motion for summary judgment, with no attached exhibits or affidavits (Mot. for Summ. J., Sept. 25, 2015, Docket No. 29); (2) a motion to dismiss Defendants' answer (Mot. to Dismiss and for

Summ. J., Oct. 13, 2015, Docket No. 32); (3) a motion to order the Minnesota Department of Corrections to immediately award Allen damages (Mot. to Order Immediate Award of Damages, Nov. 5, 2015, Docket No. 43); and (4) a construed motion for appointment of counsel (Mem. in Supp. of Mot. to Order Immediate Award of Damages at 5, Nov. 30, 2015, Docket No. 48).

On December 1, 2015, United States Magistrate Judge Jeffrey J. Keyes issued an R&R recommending that the Court deny each of those four motions. (R&R at 15, Dec. 1, 2015, Docket No. 52.) On the motion for summary judgment, the Magistrate Judge found that Allen had not supported his motion with any affidavits or exhibits or any other forms of admissible evidence. (*Id.* at 7-8.) The Magistrate Judge also found that Allen had filed his complaint against Defendants in their official capacities, not in their individual capacities, and therefore principles of sovereign immunity barred Allen's claims. (*Id.* at 8-10.) For both reasons, the Magistrate Judge found that Allen should not be awarded summary judgment. (*Id.* at 9-10.) However, because Allen also stated in his summary judgment reply brief that he intended to sue Defendants in their individual capacities instead of their official capacities, the Magistrate Judge construed Allen's reply as a request to amend his complaint and restate his claims against Defendants in their individual capacities, and the Magistrate Judge granted that request, because Allen is a *pro se* plaintiff. (*Id.*) The Magistrate Judge also recommended that that the Court deny Allen's motion to dismiss Defendants' answer, both because the answering Defendants served their answer in a timely fashion by filing it with the Court and mailing a copy to Allen on September 21, 2015, and because much of Allen's "motion to dismiss" is

properly construed as a reply to their Answer, which is a pleading that is not permitted under the Federal Rules of Civil Procedure.  (*Id.* at 10-11.)  Additionally, the Magistrate Judge recommended that the Court deny Allen's request for immediate damages from the Minnesota Department of Corrections because the Department is immune from suit.  (*Id.* at 11-13.)  Last, the Magistrate Judge recommended that the Court deny Allen's request for appointment of counsel.  (*Id.* at 13-15.)

Allen filed objections to the R&R on December 15, 2015.  (Objs., Dec. 15, 2015, Docket No. 54.)  Specifically, Allen objected to the Magistrate Judge's finding that he had sued Defendants in their official capacities.  (*Id.* at 2.)  Allen then filed five more motions:  two motions to appoint counsel, two motions to amend his complaint, and a motion for consideration of exhibits.  (Docket Nos. 57, 60, 63, 64, 72.)  On February 5, 2016, the Magistrate Judge ordered that Allen not file any additional motions until after the issuance of the Court's decision on Allen's objections to the R&R.  (Order ("Feb. 2016 Order"), Feb. 5, 2016, Docket No. 76.)  Then on June 23, 2016, Allen filed additional objections to the R&R.  (Additional Objs., June 23, 2016, Docket No. 84.)

The Court finds that Allen did initially sue Defendants in their official capacities, not their individual capacities, and will overrule Allen's objections.  The Court will therefore adopt the R&R and deny Allen's motion for summary judgment.  However, the Court notes that the Magistrate Judge has already permitted Allen to amend his complaint to cure the individual capacity-official capacity defect.  Finally, the Court will grant Allen leave to file a renewed motion for summary judgment because the R&R's recommended denial of Allen's currently-pending summary judgment motion was

premised on his failure to produce exhibits or affidavits in support of his motion, and he has now produced some exhibits. All of Allen's other pending motions will be denied.

## ANALYSIS

### I. STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

### II. ALLEN'S OBJECTIONS

Allen lists six objections to the Magistrate Judge's R&R. The first, second, and third objections all relate to (i) the Magistrate Judge's finding that Allen did not support his motion for summary judgment with any affidavits or exhibits and (ii) the Magistrate Judge's corresponding recommendation that the motion for summary judgment must be denied. (*See* Objs. at 1-2.) Specifically, Allen objects that he "was never provided Judge's scheduling order" and was therefore "unable to engage in discovery." (*Id.* at 1.) The Court makes no finding as to whether Allen was or was not provided any scheduling order, but regardless, the scheduling order is of no significance here because, as the Magistrate Judge noted, summary judgment cannot be granted without supporting evidence no matter the excuse if there are genuine disputes over issues of material fact, as is the case here. *See* Fed. R. Civ. P. 56(c) (stating that a party asserting a disputed fact

must support that assertion with evidence). Allen's first three objections will therefore be overruled.

Allen's fourth objection is to the Magistrate Judge's finding that Allen named Lopez only in his official capacity and not in his individual capacity. (Objs. at 2.) In the Eighth Circuit, if a plaintiff files an action against an individual who is a government officer, and if the plaintiff does not specify that the government officer is being sued in his or her individual capacity, then the Court must presume that the plaintiff is asserting only official-capacity claims. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). The Court has surveyed Allen's complaint and agrees with the Magistrate Judge that nothing in the complaint indicates whether Lopez was named in an official or individual capacity. (*See generally* Aff. of Kelly Kemp, Ex. A ("Numbered Am. Compl."), Sept. 21, 2015, Docket No. 27.) Neither has Allen specified any part of his complaint indicating that he sued Lopez in an individual capacity. (*See* Objs. at 2 (stating generally that Lopez was sued in an individual capacity, but declining to specify where in the complaint it states as much).) The Court therefore finds that the Eighth Circuit's background rule applies and Allen did initially allege his claims against Defendants only in their official capacities. The Court will overrule Allen's fourth objection. However, the Court also notes that the Magistrate Judge has already permitted Allen to amend his complaint to allege his complaints against Defendants in their individual capacities, and so the question is without much significance at this point.

The Court understands Allen's fifth objection to be a general statement about the severity of his predicament, given his emotional and physical health and family situation.

(*See id.* at 2-8.)   The Court passes no judgment on Allen's personal circumstances, but because Allen's fifth objection does not allege any specific problem with the Magistrate Judge's report or recommendation, it will also be overruled.

Finally, Allen objects to the style and language in the Magistrate Judge's R&R. (*Id.* at 8.)  Allen states that the R&R's language makes "it seem[] that I'm the defendant," when in reality he is the plaintiff.  (*Id.*)  The Court agrees that Allen is the plaintiff, not the defendant, but notes that the Magistrate Judge's R&R is forgiving in that it appropriately considers Allen's *pro se* status and orders – not just recommends – that Allen's complaint be amended "to assert individual capacity claims" against Defendants. (R&R at 15.)  Allen's sixth objection will be overruled.

### III.   ADDITIONAL FILINGS

Allen had one motion to appoint counsel pending prior to the filing of the Magistrate Judge's R&R.  (Mem. in Supp. of Mot. to Order Immediate Award of Damages at 5).  The Magistrate Judge recommended that the Court deny that motion because Allen's claims involve mainly disputes of fact, are not too legally complex, and Allen has done an adequate job of conveying the facts of his allegations to the Court. (R&R at 13-15.)   Allen did not object to that recommendation in his objections filing. (*See generally* Objs.)  Instead, Allen later filed two additional motions to appoint counsel. (Docket Nos. 57, 64.)  The Court construes these additional motions as objections to the appointment-of-counsel portion of the Magistrate Judge's R&R, and will overrule them; the Court agrees that Allen's claims primarily involve factual disputes, not complex legal

issues, and Allen has proven himself capable of communicating his version of the facts to the Court even without a lawyer.

Allen has also filed two motions to amend his complaint after the issuance of the R&R. Allen's complaint has already been amended several times, and some allegations have been read into his complaint via other documents and Court orders. Additionally, Allen's two pending motions to amend do not make it explicit whether he seeks to add allegations to his currently operative complaint, or instead whether he seeks to replace the operative complaint with a new one. The Court will therefore deny Allen's two pending motions to amend, and then grant Allen leave to file one more amended complaint containing all of the allegations and claims he wishes to pursue. The Court strongly encourages Allen to include all that he wants to allege in that one document.

Also, Allen has filed a "Motion [Declaratory] Exhibits Attached of Facts." (Mot. Declaratory Exs., Jan. 29, 2016, Docket No. 72.) Allen filed ten pages of exhibits in support of this "motion." (Exs., Jan. 29, 2016, Docket No. 74.) The Court understands this filing to be a response to the R&R's finding that Allen's summary judgment must fail because Allen attached no exhibits or affidavits. The Court finds that it would be inappropriate to reconsider the merits of Allen's initial summary judgment motion at this point in the process because Defendants have not yet responded to the merits of Allen's claim – because he had previously not presented any exhibits or affidavits – and Allen has now amended his complaint to assert his claims against Defendants in their individual capacities, while also seeking to further amend his complaint. Allen's "exhibits" motion will therefore be denied. But the Court also finds that it would be inappropriate to simply

disregard Allen's filing of exhibits since the Magistrate Judge's recommended denial of Allen's summary judgment motion was premised on his lack of exhibits, instead of the merits of his claims.  For fairness's sake, the Court will grant Allen leave to file a renewed motion for summary judgment.  Because Allen has made numerous filings on the docket asserting different arguments in different places, the Court will permit and encourage Allen to file one and only one memorandum in support of his renewed motion for summary judgment.  Allen may attach exhibits and affidavits to that filing, inclusive of and additional to those he has already submitted in Docket Entry No. 74, if he so chooses.  In keeping true to standard procedure, Defendants will be permitted to file one brief in opposition within 21 days after the filing of Allen's motion, and Allen may file one reply brief within 14 days of being served with Defendants' brief in opposition.

Finally, Allen filed additional objections to the Magistrate Judge's R&R on June 23, 2016, more than six months after the issuance of the R&R.  Those objections are untimely.  Fed. R. Civ. P. 72(b)(2) (permitting the filing of objections "[w]ithin 14 days after being served" with a copy of the R&R).  They were also prohibited by the Court's February 5, 2016 order barring Allen from making additional filings.  (Feb. 2016 Order.)  The Court will therefore overrule Allen's additional objections, and instead encourage Allen to make all of his arguments in his new amended complaint and summary judgment motion, should he choose to file those items.

**ORDER**

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. The Report and Recommendation of United States Magistrate Judge [Docket No. 52] is **ADOPTED**, and Plaintiff Paris Da'Jon Allen's Objections [Docket No. 54] and Additional Objections [Docket No. 84] are **OVERRULED**.

2. The following motions made by Allen are **DENIED**: Motion for Summary Judgment [Docket No. 29], Motion to Dismiss Defendants' Answer and for Summary Judgment [Docket No. 32], Motion to Order Defendant Department of Corrections to Immediately Award Damages [Docket No. 43], Motion for Appointment of Counsel [Docket No. 48 at 5], Motion to Appoint Counsel [Docket No. 57], Motion to Amend Complaint [Docket No. 60], Motion to Amend Complaint [Docket No. 63], Motion to Appoint Counsel [Docket No. 64]; Motion Declaratory Exhibits Attached of Facts [Docket No. 72].

4. Allen is granted leave to file one amended complaint, to take the place of his existing operative complaint, containing all of his allegations supporting all of the claims for which he seeks relief.

5. Allen is granted leave to file a Renewed Motion for Summary Judgment and one memorandum to support that motion. He may attach exhibits and affidavits to that memorandum if he chooses. Defendants may file one brief in opposition to Allen's Renewed Motion within 21 days of service of Allen's supporting motion. Allen may

then file one reply brief within 14 days of being served with Defendants' opposition brief.

DATED: September 26, 2016             ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                                        Chief Judge
                                           United States District Court